# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

| | |
|---|---|
| JOAN BURKE, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>v.<br><br>MEREDITH CORPORATION,<br>*Defendant.* | Case No. 4:21-cv-00335<br><br>Judge Rebecca Goodgame Ebinger<br><br>Magistrate Judge Stephen B. Jackson, Jr. |
| ADELE HETZEL, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>v.<br><br>MEREDITH CORPORATION,<br>*Defendant.* | Case No. 4:21-cv-00341 |
| MARIBEL RAMIREZ, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>v.<br><br>MEREDITH CORPORATION,<br>*Defendant.* | Case No. 4:21-cv-00344 |
| BELINDA POWERS, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>v.<br><br>MEREDITH CORPORATION,<br>*Defendant.* | Case No. 4:21-cv-00350 |
| SHARON MCKINNEY, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>v.<br><br>MEREDITH CORPORATION,<br>*Defendant.* | Case No. 4:21-cv-00360 |
| NORMA GOLDBERGER, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>v.<br><br>MEREDITH CORPORATION,<br>*Defendant.* | Case No. 4:21-cv-00367 |

CANDYCE MARTO-MAEDEL, individually
and on behalf of all others similarly situated,
                                        *Plaintiff,*
        v.                                                          Case No. 4:21-cv-00366

MEREDITH CORPORATION,
                                        *Defendant.*

JULIE BEACH, individually and on behalf of all
others similarly situated,
                                        *Plaintiff,*
        v.                                                          Case No. 4:21-cv-00376

MEREDITH CORPORATION,
                                        *Defendant.*

## UNOPPOSED MOTION TO CONSOLIDATE CASES FOR PRE-TRIAL PURPOSES (EXPEDITED RELIEF REQUESTED)

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Joan Burke, Adele Hetzel, Maribel Ramirez, Belinda Powers, Sharon McKinney, Norma Goldberger, Candyce Marto-Maedel, and Julie Beach ("Plaintiffs") respectfully move the Court to consolidate the above-captioned related matters for pre-trial purposes and stay all discovery pending decision on Defendant's anticipated motion to dismiss. In support of this unopposed Motion, Plaintiffs state as follows:

1.      Each of the above-captioned actions (the "Actions") alleges that Defendant impermissibly used Plaintiffs' names or likenesses in connection with Defendant's mailing lists in violation of various states and territories' "Right of Publicity" statutes.[1] Each Action seeks

---

[1]     Plaintiffs Burke, McKinney, and Marto-Maedel sued under California's Right of Publicity Law, Cal Civ. Code § 3344, on November 2, 2021, November 4, 2021, and November 22, 2021, respectively. Plaintiffs Hetzel and Goldberger sued under Ohio's Right of Publicity Law, Ohio Rev. Code § 2741, on November 3, 2021 and November 5, 2021, respectively. Plaintiff Ramirez sued under Puerto Rico's Right of Publicity Act, 32 L.P.R. § 3151, on November 4, 2021. Plaintiff Powers sued under South Dakota's Right of Publicity Law, S.D. Codified Laws § 21-64-1, on November 8, 2021. Plaintiff Beach filed her case in Washington on November 5, 2021, suing under Washington's Right of Publicity Statute, RCW 63.60.050, after which the case was transferred to the Southern District of Iowa.

relief on behalf of a putative class of similarly situated individuals in the Plaintiffs' respective states or territories. All of the Actions are currently pending before this Court.

2.      Federal Rule of Civil Procedure 42 empowers a Court to consolidate actions that involve a common question of law or fact, including for pre-trial and discovery purposes. *See* Fed. R. Civ. P. 42(a). The Court has broad discretion when considering a motion to consolidate. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The Eighth Circuit recognizes that there is no abuse of discretion when consolidating cases with "common parties, overlapping legal issues, and related factual scenarios, and [where] the consolidation itself [would] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009). Such is the case here.

3.      First, Defendant Meredith Corporation is the sole defendant in each of the Actions and is therefore a common party across the Actions.

4.      Second, there are overlapping legal issues and related factual questions between the Actions. Despite advancing nominally distinct Right of Publicity laws from various states and territories, the legal theory underlying each of the Actions is the same: that Defendant violated these laws in the same way by including Plaintiffs' names and other individualized information in Defendant's mailing lists. The anticipated evidence regarding the Actions also overlaps, meaning the factual issues also share a common thread across the Actions. For example, the claims, regardless of which state or territory's law might apply, will require inquiry into Defendant's mailing list practices.

5.      Third, consolidation poses no threat of undue prejudice. As the Actions were all recently filed, they are in the same procedural posture. Thus, no Action is so far ahead of any other that it would be prejudiced by any delay. To the contrary, as proposed below, consolidating

3

the Actions will allow the Court to adopt a single schedule to govern a consolidated complaint, an anticipated motion to dismiss, and all other pre-trial purposes. Consolidation will further foster judicial efficiency by allowing the Court to decide critical issues a single time rather than independently across eight different actions with eight separate-but-overlapping sets of briefs.

6.     Plaintiffs' counsel across the Actions have conferred amongst themselves and with Defendant's counsel to propose a timeline for filing a consolidated complaint and the parameters for an anticipated motion to dismiss the consolidated complaint. Plaintiffs propose filing a consolidated complaint within fourteen (14) days of any decision granting the instant motion. Defendant proposes that they be given forty-five (45) days from the filing of the consolidated complaint to file any motion to dismiss. Plaintiffs seek twenty-eight (28) days to file their response in opposition, and Defendant requests twenty-one (21) days to file a reply. Owing to the number of legal issues and formulations of state laws, the parties further request— and submit that good cause exists to allow them—to be given up to forty (40) pages in length for their motion to dismiss briefing. The parties also request that the Court stay all discovery pending decision on the motion to dismiss, which will conserve resources of the Court and the parties.

7.     Defendant's counsel indicated that Defendant does not oppose the requested relief. Plaintiff submits that this motion is not being filed for any improper purpose or delay, but rather to streamline the litigation of these factually and legally related claims and to establish a uniform briefing schedule on Defendant's anticipated motion to dismiss.

WHEREFORE, Plaintiffs respectfully request that the Court grant this unopposed motion to (i) consolidate the above-captioned cases for pre-trial purposes; (ii) allow Plaintiffs to file a consolidated complaint within fourteen (14) days of the granting of this motion; (iii) adopt a

motion to dismiss briefing schedule wherein Defendant's motion is due forty-five (45) days from the filing of the consolidated complaint, Plaintiffs' opposition is due twenty-eight (28) days thereafter, and Defendant's reply is due twenty-one (21) days later; (iv) allow the parties up to forty (40) pages in support of their respective briefs on Defendant's motion to dismiss; and (v) stay all discovery until the motion to dismiss has been decided.


Dated: January 6, 2022

Respectfully submitted,

/s/ J. Barton Goplerud

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
pfraietta@bursor.com

**EDELSON PC**
Ari J. Scharg*
Benjamin Thomassen*
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
ascharg@edelson.com
bthomassen@edelson.com

*Pro Hac Vice Application
Forthcoming

**SHINDLER,ANDERSON,
GOPLERUD & WEESE, P.C.**
J. Barton Goplerud, AT0002983
Gary W. Kendell, AT0004203
5015 Grand Ridge Drive
West Des Moines, IA 50265
Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
kendell@sagwlaw.com

**HEDIN HALL LLP**
Frank S. Hedin*
Arun G. Ravindran*
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Telephone: (305) 357-2107
Facsimile:  (305) 200-8801
fhedin@hedinhall.com
aravindran@hedinhall.com

**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
Erin Green Comite*
Sean T. Masson*
Carey Alexander*
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-4478

Facsimile:  (212) 233-6334
ecomite@scott-scott.com
smasson@scott-scott.com
calexander@scott-scott.com

*Admitted Pro Hac Vice