# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOAN BURKE, individually and on behalf of all others similarly situated, | * * * | CIVIL NO. 4:21-cv-00335-RGE-SBJ |
| Plaintiff, | * * | |
| v. | * * | ORDER |
| MEREDITH CORPORATION, | * * | |
| Defendant. | * * * | |

Before this Magistrate Judge are Unopposed Motions to Consolidate Cases for Pre-Trial Purposes followed by Amended Unopposed Motions to Consolidate Cases for PreTrial Purposes, and In the Alternative, to Consolidate on a State-By-State Basis filed by the named plaintiff in each of the following cases: *Joan Burke v. Meredith Corporation*, Case No. 4:21-cv-00335-RGE-SBJ (Dkt. 10, 14); *Adele Hetzel v. Meredith Corporation*, Case No. 4:21-cv-00341-RGE-SBJ (Dkt. 10, 13); *Maribel Ramirez v. Meredith Corporation*, Case No. 4:21-cv-00344-RGE-SBJ (Dkt. 10, 13); *Belinda Powers v. Meredith Corporation*, Case No. 4:21-cv-00350-RGE-SBJ (Dkt. 10, 13); *Sharon McKinney v. Meredith Corporation*, Case No. 4:21-cv-00360-RGE-SBJ (Dkt. 13, 22); *Candyce Marto-Maedel v. Meredith Corporation*, Case No. 4:21-cv-00366-RGE-SBJ (Dkt. 16, 20); *Norma Goldberger v. Meredith Corporation*, Case No. 4:21-cv-00367-RGE-SBJ (Dkt. 16, 20); and *Julie Beach v. Meredith Corporation*, Case No. 4:21-cv-00376-RGE-SBJ (Dkt. 13, 20).

Plaintiffs request that the Court consolidate these cases pursuant to Federal Rule of Civil Procedure 42(a) for pre-trial purposes. According to plaintiffs, each of the actions alleges Meredith Corporation impermissibly used Plaintiffs' names or likenesses in connection with its mailing lists in violation of state "Right of Publicity'" statutes. Each case seeks relief on behalf of a putative class of similarly situated individuals in those states. At this point, Meredith Corporation has yet

to file an answer or other responsive pleading to Plaintiffs' complaints.

In support of their motions, Plaintiffs emphasize the cases all involve the same defendant and the same core factual allegations, with overlapping legal issues, and believe the evidence across all cases will likely be largely identical. Plaintiffs further explain pre-trial motion practice and discovery will apply equally across all actions, and the parties will likely seek to examine the same fact and expert witnesses across all cases. They also note the cases are in the same early procedural posture and contend no party would be prejudiced by consolidation for pre-trial purposes. It is represented that counsel for all Plaintiffs and defendant Meredith Corporation concur in the requested consolidation.

After fully considering Plaintiffs' motions, and reviewing the current pleadings in all the cases, this Magistrate Judge finds consolidation of the cases is appropriate, at this time, for the limited purpose of case docket management with all further filings to made in one lead case. The Federal Rules of Civil Procedure govern the procedure in all civil actions before the court. The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Pursuant to Rule 42(a), if actions "involve a common question of law or fact, the court may:"

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018). "'[O]ne or many or all of the phases of the several actions may be merged.'" *Id.* at 1130 (quoted citation omitted). However, as provided within Rule 42(a), "a common issue of law or fact is a prerequisite to consolidation."

2

*Enterprise Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994). Further, it is well-established "'consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Id.* at 235 (quoting *Johnson v. Manhattan Ry.,* 289 U.S. 479, 496-97 (1933)). As explained by the Supreme Court, "[f]rom the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall*, 138 S.Ct. at 1125. Actions may be consolidated if they involve "common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself d[oes] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009). But consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Here, based on the allegations within Plaintiffs' complaints, this Magistrate Judge is satisfied that Rule 42(a)'s prerequisite of a common question of law or fact is met. Further, consolidation of the cases for certain pre-trial purposes will enable more convenient and efficient case management for the parties and the Court. Under the present record, there appears to be no risk of unfair prejudice to any party.

However, consolidation at this stage will be limited to the sole purpose of docket management with all future filings to be made in one lead case. As represented by Plaintiffs, the parties expect the filing of a pre-answer motion by Meredith Corporation. It is therefore premature at this initial phase to determine whether consolidation for all pre-trial purposes such as scheduling, discovery and expert witnesses will be necessary or appropriate. A prudent and more efficient approach is to address consolidation for those matters after the pre-answer motion is submitted

and ruled upon. Consolidation for such other purposes may be raised by the parties, and considered by the Court, if any remaining claims proceed to the scheduling and discovery phase of litigation.

For those reasons, Plaintiffs' motions to consolidate shall be, and are hereby, granted at this time for the limited purpose of case docket management. All future filings for the cases shall be made solely in the Lead Case, *Joan Burke v. Meredith Corporation*, Case No. 4:21-cv-00335-RGE-SBJ. The caption on the parties' filings must be in the name of the lead case but also include the captions of all member cases.

In addition to requesting consolidation, Plaintiffs also request the following relief: (a) allow Plaintiffs to file a consolidated complaint within fourteen (14) days of the granting of their motions; (b) adopt a pre-answer motion briefing schedule wherein Defendant's motion is due forty-five (45) days from the filing of the consolidated complaint, Plaintiffs' opposition is due twenty-eight (28) days thereafter, and Defendant's reply is due twenty-one (21) days later; (c) allow the parties up to forty (40) pages in support of their respective briefs on Defendant's motion to dismiss; and (d) stay all discovery including initial disclosures and the submission of a proposed scheduling order and discovery plan until the pre-answer motion has been decided. Again, it is represented Meredith Corporation concurs with these requests.

This Magistrate Judge finds good cause and reason exists for this additional relief and grants Plaintiffs' motions accordingly. Plaintiffs have fourteen (14) days from the date of this Order to file a consolidated complaint. Meredith Corporation has forty-five (45) days from the filing of the consolidated complaint to file a pre-answer motion or other responsive pleading. Plaintiffs have twenty-eight (28) days thereafter to respond to a pre-answer motion. Meredith Corporation has twenty-one (21) days thereafter to file a reply. The parties are granted leave to file overlength briefs up to forty (40) pages in length. All discovery including the serving of initial disclosures, and submission of a proposed Rule 16(b) and 26(f) scheduling order and discovery

plan, are stayed pending a ruling on Meredith Corporation's expected forthcoming pre-answer motion.

**IT IS SO ORDERED.**

Dated January 28, 2022.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE