# EXHIBIT A



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Ley Núm. 139, 071311, 5 Sesión Ordinaria, Efectivo inmediatamente**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Jacqueline Yorke

Sworn to before me this
February 24, 2022

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# (Senate Bill 1750)

## LAW No. 139-2011
## JULY 13, 2011

To adopt a new statute that regulates the use and protection of the own image for commercial purposes in Puerto Rico, which will be known as the "Right of Publicity Act"; and for other purposes.

## EXPLANATORY STATEMENTS

For years a very blurred line has been traced in our system between two important constitutional rights: the right to free speech, in a situation in which the speech challenged is of a commercial nature; and the right to privacy, in its aspect of the right to one's own image.

The Bill of Rights of the Constitution of the Commonwealth of Puerto Rico expressly protects the fundamental right of privacy and dignity of people. The Supreme Court of Puerto Rico has recognized that the protection of privacy operates *ex proprio vigore* and can be enforced between private individuals. Vigoreaux Lorenzana vs. Quizno's Sub, Inc 2008 T.S.P.R. (*Tribunal Supremo de Puerto Rico* [Supreme Court of Puerto Rico]) 38; López Tristani v. Maldonado Carrero, 2006 T.S.P.R. 143; López Rivera v. Commonwealth, 2005 T.S.P.R. 102; Castro Cotto v. Tiendas Pitusa, Inc., 159 D.P.R.650 (2003); Vega Rodríguez v. Telefónica de P.R., 2002 T.S.P.R 50; Arroyo v. Rattan Specialties, 117 D.P.R. (Decisiones de Puerto Rico [Puerto Rico Rulings]) 35 (1986); Colón v. Romero Barceló, 112 D.P.R. 573 (1982). In the absence of specific legislation on the use of one's own image, the courts have had to apply the regulations arising from the general legislation on non-contractual liability that arises from Art. 1802 of the Civil Code, within the frame of the constitutional parameters. The Court has recognized the aforementioned subjective right from which a cause of action arises for filing a claim for damages due to the infringement of privacy. Vigoreaux Lorenzana vs. Quizno's Sub, Inc, *supra*.

Throughout our case law we can find cases in which the undue use of a person's image has been claimed, particularly for commercial uses. The image is deemed to be the projection or representation of the human figure by means of any reproduction procedure or technique. One's own image constitutes a fundamental attribute with which a person is socially individualized. That is to say, it is an integral part of the identity of the subject being represented. López Tristani v. Maldonado Carrero, *supra*. Although there is no doubt that expression for lucrative and commercial purposes falls under the scope of protection of the constitutions of Puerto Rico and of the United States, it can be substantially regulated by the state more easily. In re Gervitz Carbonell, 2004 T.S.P.R. 141.

While the right to one's own image or right to publicity, as it is known in some jurisdictions, provides the individual with a proprietary right over what their identity is, the right to privacy protects the information that the State or other people have about that individual, their

communications, body and thoughts. Although sometimes violations of both concur, because they occur due to an unauthorized or consented interference from third parties, the specific legal assets protected in both rights are different. Moreover, the right to one's own image differs from the defamation in which the latter requires the publication of false information.

The prevailing current trend, both in civil law and in common law, is the recognition of the protection of the image or right of publicity as an independent right. This right grants its owner the power *erga omnes* to exclude the reproduction and publication of the own image by a third party who lacks the consent to do so. Vigoreaux Lorenzana vs. Quizno's Sub, Inc, *supra*. It should be noted that in some places like Spain, the right to one's own image is a right of constitutional rank. In the United States, although it has been recognized by the case law in several states, there are already others that have taken the initiative to establish a statutory right to publicity. This right establishes that the subject has the right to participate financially in the marketing of their own image, name or recognizable aspects of their person.

Case law has established that everyone has the right to control where, when and how a photograph is taken or their image is reproduced in any way, provided it is not an accessory figure. Bonilla Medina v. New Progressive Party of Puerto Rico, 140 D.P.R. 294 (1996); Cólon v. Romero Barceló, *supra*. However, as our Highest Court has reiterated in the cases cited above, there is no specific legislation. It is important not only to establish this protection by statutory means, but also to make it clear that it covers everyone, even those who are not public figures. This Legislative Assembly understands that it is time for the right to one's own image to be clearly defined in our legal system.

**LET IT BE ENACTED BY THE LEGISLATIVE ASSEMBLY OF PUERTO RICO:**

Article 1. – Title

This Act shall be referred to as the "Right of Publicity Act."

Article 2. – Definitions

a) Authorized agent.— Whoever is directly authorized to consent to the use of a person's likeness through an agency or under a representation agreement.

b) Damages.— All compensatory damages, including, but not limited to loss of income if the person had consented to a likeness licensing agreement, as well as the profit made by the offender exclusively through the unauthorized use of a person's likeness.

c) Likeness.— Name, photograph, portrait, voice, signature, attribute or any representation of a person through which an average observer or listener may identify the same, produced using any reproduction procedure or technique.

d) Gross negligence.— Total carelessness or failure to adhere to a minimal standard of care that raises a presumption of indifference to consequences, implying reckless disregard.

e) Parody.— Comical imitation that uses elements which, at least partly, provides commentary of or directly mocks a person altering his/her image.

f) Person.— Natural person, living or deceased, regardless of the previous use of his/her likeness for commercial purposes. It includes any legal entity that holds the rights of a person's likeness through a license or by transfer of publicity rights.

g) Accessory figure.— A person who is not the focus of a communication, but rather a part of a group or background figure.

h) Commercial purpose.— The use of a person's likeness in connection with an advertisement, offer, or sale of a product, merchandise, good or service in the market.

i) Advertising purposes.— The use of an individual's likeness in communications media to broadcast or inform the public of a good or service available in the market, including its use in company announcements.

j) Satire.— Expression that seeks to criticize or ridicule someone or something by using it's likeness without alteration or transformation.

Article 3. – Cause of Action

Any natural or juridical person who uses another's likeness for commercial, trade, or advertising purposes without the previous consent of said person, the person who possesses a license for said likeness, his/her heirs if the person is deceased, or the authorized agent of any of the forgoing shall be liable for damages.

In the event that the consent required under this chapter is not obtained, the plaintiff may seek an injunction against the continued use of said likeness and can recover monetary damages, including any royalties accrued, or financial losses resulting from the violation of the right established herein.

Article 4. – Remedies

The law provides for both injunctive relief and compensatory damages to a plaintiff who sues for misappropriation or violation of the right of publicity. The court may award damages taking into account the following elements: any of the defendant's profits that are attributable to the use of the plaintiff's likeness; the amount of any future publicity value the plaintiff may have been denied as a result of the defendant's infringing activities; the value of the detrimental effect that the defendant act would have caused to the plaintiff; and any other factor the court determines as adequately quantitative of damages.

At its discretion, the court may award compensatory damages for an amount no greater than three (3) times the amount profited by the defendant and/or for any losses suffered by the plaintiff if it determines that the violation was deliberate or carried out with malicious intent.

Alternatively, the plaintiff may choose to request that the court rules for statutory damages. Statutory damages may be awarded in an amount of no less than $750 and no greater than $20,000 per violation, as deemed to be fair by the court. Whenever a violation is determined to be deliberate or due to gross negligence, the court may freely increase the amount of statutory damages to a sum no greater than $100,000 per violation. Each violation under these statutory damages shall be equal to the act of unlawful use of a person's likeness regardless of the number of copies made of the work in question at any given moment.

Moreover, if the court rules in favor of the plaintiff, the court shall always award for legal costs, attorney fees, and expenses.

Upon the court's determination that the defendant was unaware and had no reason for knowing or believing that his/her activities constituted a violation of the plaintiff's publicity rights, the court, at its discretion, may reduce the amount of damages awarded.

The remedies provided in this section are set forth in addition to the remedies provided by any other applicable state or federal statute.

Article 5. – Transmissibility

The rights under this chapter shall be freely transferable and descendible property rights, in whole or in part, to any person or incorporated entity by written transfer, including, but not limited to, a signed agreement among the parties, powers, licenses, donations, and wills, or by intestate succession.

Article 6. – Extension

The right of publicity shall last for 25 years after the death of a person, regardless of previous commercial use during their lifetime.

Article 7. - Statute of limitations

Any action or proceeding to enforce any provision of this chapter shall be initiated not later than one (1) year following the date that the affected person became aware or should have gained knowledge of the occurrence of the facts that constitute grounds for a cause of action and serves as the foundation for such action or procedure.

Article 8. – Exceptions

This chapter shall not apply under the following circumstances:

(a) When an individual's likeness is used in any medium as part of a news report, political expression, sporting, or artistic event transmission, or presentation with a

      legitimate public interest, and where said likeness is not used with commercial or publicity purposes.

(b) When a person's likeness is used as part of a satire or parody, but with no commercial or advertising purposes.

(c) When a person's likeness is used for criticism or remarks in academia or research, as long as said use does not constitute a hidden exploitation of a person's protected likeness.

(d) When the likeness of an accessory figure is used.

Article 9. – Applicability

This Act applies to any act or event that occurs within the territorial limits of Puerto Rico, regardless of the person's domicile, residence or citizenship.

Article 10. – Limited immunity

The owners or employees of any medium, including, but limited to newspapers, magazines, publicity billboards, internet, and radio or television stations in which an individual's likeness appears in violation of this Act shall not be held liable except when proof of their knowledge that said likeness was used without the authorization required by this chapter can be established.

Article 11. – Severability Clause

If any clause, paragraph, article, section, subsection or part of this Act was to be declared unconstitutional by a competent court, the judgment handed down in that regard shall not affect, prejudice or invalidate the rest thereof. The effect of said judgment shall be limited to the clause, paragraph, article, section, subparagraph or part thereof that has been declared unconstitutional.

Article 12. – Coming into force

This Act shall come into force immediately after its approval.